UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AUSTIN EATON** § | |
| *Plaintiff;* § | |
| § | |
| vs. § | |
| § | |
| **ROSENBERG POLICE DEPARTMENT;** § | Case No. _____ |
| **CITY OF ROSENBERG, FORMER** § | **JURY TRIAL DEMANDED** |
| **JEREMY EDER (in his individual** § | |
| **capacity), DALLIS WARREN (in his** § | |
| **individual capacity);** § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES COURT SITTING IN THE SOUTHERN DISTRICT OF TEXAS:

Plaintiff respectfully comes before this Honorable Court pursuant to 42 U.S.C. 1983 complaining that Defendants Rosenberg Police Department (herein referred to as "Rosenberg PD"), Jeremy Eder, and Dallis Warren (collectively referred to as "Defendants") herein acted under color of state law and deprived the Plaintiff of procedural due process under the Fourteenth Amendment of the United States Constitution. Plaintiff specifically alleges the following:

### I.   PARTIES

1. Plaintiff Austin Eaton ("Plaintiff" or "Eaton") is a male individual and a former peace officer of the Rosenberg Police Department. Eaton is and was at all times relevant hereto an individual residing in the United States and a resident of Fort Bend County, Texas. He may be served through his attorney of record, Alexander J. Houthuijzen, 917 Franklin, Suite 400, Houston, Texas, 77002 and Patel PC, 6300 Richmond Avenue, Suite 303, Houston, Texas, 77057.

2. Defendant Rosenberg Police Department (herein referred to as "Rosenberg

PD") is a law enforcement agency and may be served at its headquarters located at 2120 4th Street, Rosenberg, Texas, 77471.

3. Defendant City of Rosenberg ("City of Rosenberg") is a municipality and may be served with process by serving its registered agent for service of process, Mayor William T. Benton at 2110 4th Street, Rosenberg, Texas, 77471, or wherever its registered agent may be found.

4. Defendant Jeremy Eder ("Defendant Eder") is a former lieutenant of the Rosenberg Police Department and is being sued in his individual capacity as a former peace officer with Rosenberg PD. He may be served at 6110 Miramount Drive, Rosenberg, Texas, 77471, or wherever he may be found.

5. Defendant Dallis Warren ("Defendant Warren") is the former Chief of Rosenberg PD and is being sued in his individual capacity as a peace officer with Rosenberg PD. He may be served at 23923 Via Renata Dr., Richmond, Texas, 77046, or wherever he may be found.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (4) because Plaintiff's suit arises under 42 U.S.C. § 1983.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1342, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action

to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

8. Plaintiff brings this action to redress the wrongful termination of the employment of Plaintiff pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution made applicable to Defendants because of this federal due process violation.

9. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

10. Venue is proper in this district court pursuant to 28 U.S.C. § 1391(b) because Defendants reside or resided in this district during the relevant time period and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

11. All conditions precedent have been performed or have occurred.

### III.   BACKGROUND FACTS RELEVANT TO ALL COUNTS

12. Austin Eaton began employment with Rosenberg PD approximately from August 1, 2013 until April 24, 2017.

13. Plaintiff dedicated several years of hard work and exemplary service to the Rosenberg Police Department and City of Rosenberg. For his hard work and dedication, Plaintiff earned the respect and admiration of his fellow police officers and the community. Before he was terminated, Plaintiff expected to continue his dedicated and honorable service to the Rosenberg Police Department and City of Rosenberg.

14. Plaintiff's service to the men and women of the City of Rosenberg was wrongfully cut short on April 24, 2017, occurring without a pre-deprivation hearing as

mandated by §4.02(b) of the Charter of the City of Rosenberg.

15. Over the course of alleged false misconduct imputed to Plaintiff by Defendant Eder and Defendant Warren, Defendant Eder and Defendant Warren sought to concoct a false narrative to justify Plaintiff's termination from Rosenberg PD.

16. One instance of the individual Defendants' scheme occurred when Defendant Eder claimed that Plaintiff endangered the lives of the community when he allegedly travelled at a high rate of speed in order to respond to the scene of a crime of alleged rape that had just occurred.

17. In the latter months of 2016, a female complainant (herein referred to as "Alleged Complainant") called for service from Rosenberg PD that she had been allegedly raped by her former romantic partner.

18. Plaintiff, who was the first to arrive at the scene without incident. Upon arriving at the scene, Plaintiff attempted to detain the alleged suspect

19. After some brief struggling, in an attempt to detain the alleged suspect, two additional officers arrived on the scene successfully detaining him.

20. After detaining the alleged suspect, a Rosenberg Police Sergeant instructed Plaintiff that he must leave the scene immediately.

21. After departing from the scene of the crime, Defendant Eder reprimanded Plaintiff for his alleged endangerment of the community for travelling at a high rate of speed to the scene of the crime.

22. However, upon information and belief, every officer who responded to the crime had traveled around the same speed as Plaintiff. Being that a citizen of Rosenberg's life was in danger, Plaintiff arrived safely at the scene in order to prevent further injury occurring

to the Alleged Complainant.

23. Moreover, after departing from the scene, Plaintiff drafted a supplemental offense report in accordance with Rosenberg PD protocol.

24. Upon submitting his report, Defendant Eder denied acceptance of the report claiming it was "incomplete."

25. Plaintiff was shocked by this news, but Defendant Eder claimed this was a lawful order pursuant to his authority.

26. Pursuant to Rosenberg PD protocol, a Detective investigating the crime contacted Plaintiff to inquire additional details about the incident.

27. Defendant Eder wrongfully claimed that Plaintiff was "interfering" with the investigation by speaking to the Detective, who in fact contacted Plaintiff, not the other way around.

28. On April 24, 2017, Defendant Eder's scheme was successful in compelling the Rosenberg Police Department to file a Report of Separation of Licensee with TCOLE (Texas Commission on Law Enforcement) which indicated that Plaintiff was terminated and dishonorably discharged.

29. Plaintiff appealed Rosenberg PD's dishonorable discharge designation pursuant to an F-5 appeal of his termination decision.

30. Pursuant to his appeal, the State Office of Administrative Hearings changed his designation to an honorable discharge.

31. The Rosenberg Police Department and City of Rosenberg have and continue to engage in a systematic unconstitutional termination of its peace officers.

32. According to the governing document for the City of Rosenberg, the Rosenberg

Police Department chief of police may only terminate employees in the department with the express approval of Rosenberg City Council.

33. Section 4.02(b) of the Charter for City of Rosenberg states, in pertinent:

> *The chief of police shall have the power to appoint, discharge, and remove all subordinate personnel of the police department,* ***subject to the approval of the city council***.

34. Rosenberg PD unconstitutionally terminated Plaintiff without the express approval of Rosenberg City Council, as mandated in their governing charter.

35. It is an embedded policy and practice of the City of Rosenberg for the Rosenberg Police Department to terminate police personnel on a whim without Rosenberg City Council ever granting approval.

36. As evidenced by recent City Council meetings, Rosenberg City Council and Rosenberg PD are well aware of the fact that they have not abided by the City of Rosenberg's charter for a vast majority of terminated police officers, including with regard to Plaintiff's unconstitutional termination.

37. As a consequence of Rosenberg PD's unconstitutional termination of its peace officers, Plaintiff contends that Former Chief of Police of Rosenberg PD—Defendant Warren is also ultimately responsible for Plaintiff's deprivation of procedural due process.

38. Because Defendant Warren actually fired Plaintiff, he knew or should have known that his termination should have been taken up with Rosenberg City Council, as mandated by §4.02(b) of the City Charter for Rosenberg.

39. As mandated by §4.02(b) of the City Charter for Rosenberg, the termination of all personnel of Rosenberg PD are subject to Rosenberg City Council approval.

40. In accordance with Rosenberg City Council protocol and the United States Constitution, the mandated pre-deprivation hearings must be scheduled in advance in order to provide Plaintiff with an opportunity to be heard prior to its termination.

41. Upon commencement of the mandated pre-deprivation hearing, the City Council of Rosenberg may either (i) consider termination or, (ii) vote not to terminate the personnel in dispute.

42. To date, the City Council of Rosenberg did not provide Plaintiff with the mandated pre-deprivation hearing upon his termination by Defendant Warren, brought in part by the false narrative orchestrated by both Defendant Warren and Defendant Eder.

43. As stated above, Plaintiff was entitled to a pre-deprivation hearing in order to present his case defending himself from a potential termination.

44. Because Plaintiff was never afforded a pre-deprivation hearing as mandated by the City Charter of Rosenberg, Plaintiff's procedural due process rights have been violated.

45. Plaintiff further contends that the City of Rosenberg, Rosenberg Police Department, and Defendant Warren have engaged in a policy and custom to violate terminated police officers due process rights by not affording terminated police officers a pre-deprivation hearing.

46. The actions of Rosenberg PD are a conspiracy which have violated the procedural due process rights of Plaintiff and have caused severe emotional distress which has ruined his reputation as an outstanding and caring peace officer.

### IV.   CAUSES OF ACTION
### COUNT 1
### 42 U.S.C. 1983
### PROCEDURAL DUE PROCESS

47. The foregoing paragraphs are incorporated herein as if quoted verbatim.

48. The termination of Plaintiff on April 24, 2017 without the express approval of Rosenberg City Council was a violation of Plaintiff's constitutional right to procedural due process of law under the City of Rosenberg Charter and the Fourteenth Amendment of the United States Constitution.

49. As illustrated above, the Defendants deprived Plaintiff of his Fourteenth Amendment rights by adopting an official policy, customs, or persistent widespread practices that resulted in Plaintiff's injuries. In the following ways, Defendants deprived Plaintiff of his Fourteenth Amendment rights:

   a. Defendants denied Plaintiff an opportunity to a pre-deprivation hearing to speak, present witnesses, or otherwise defend the accusations against him;

   b. In regard to the pre-deprivation hearing, Defendant did not provide Plaintiff with adequate notice to alert him of the nature of his termination that would allow Plaintiff a fair amount of time to prepare a defense to protect his job

   c. Prior to Plaintiff's termination, Defendant Defendant Eder engaged in inappropriate *ex parte* communications with Defendant Warren regarding Plaintiff's termination.

50. Plaintiff seeks punitive damages against Defendants under 42 U.S.C. § 1983 because they:

   a. Knew that Defendant Eder did not have the authority to terminate any employee of Rosenberg Police Department and that Rosenberg City Council was required under the City of Rosenberg Charter to approve any termination at Rosenberg Police Department;

   b. Acted with conscious indifference to the Plaintiff's constitutional rights to

      due process;

c. Acted with reckless or callous indifference to Plaintiff's federally protected rights; and

d. Recklessly violated Plaintiff's established constitutional rights through unlawful conduct.

51. Under § 1983, any person acting under color of state law who deprives anyone within that jurisdiction of rights or privileges secured by the constitution shall be liable to the injured party in law or in equity. 42 U.S.C. § 1983. "Person," as used by § 1983, includes municipalities and other local government units. *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 690 (1978). Local government bodies can be sued for monetary damages under § 1983 when the "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* The United States Supreme Court, in *Monell,* stated that official government policy as well as unofficial customs that violate a person's constitutional rights can expose a municipality to liability under § 1983. *Id.*

52. In *Pembaur v. City of Cincinnati,* the United States Supreme Court stated that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). Legislatures are not the sole source of municipal policy, as "other officials ... acts or edicts may fairly be said to represent official policy, and whose decisions therefore may give rise to municipal liability under § 1983." *Id;* (citing *Monnell,* 436 U.S. at 694) (internal quotation marks omitted).

53. Where, as here, a person has a property right in continued employment, that

right may not be deprived without due process. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538 (1985); *Wells v. Dallas Jndep. Sch. Dist.,* 576F. Supp. 497, 503 (N.D. Tex. 1983). "An essential principle of due process is that a deprivation of ... property be preceded by notice and an opportunity to be heard." *Id* at 542. The hearing includes the individual's right to respond and be heard, and it must be afforded before the individual is deprived of property. *Id.* "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id* at 545.

54. The City of Rosenberg and Rosenberg Police Department each qualify as a person under *Monnell* because each is a municipal corporation. The City of Rosenberg and Rosenberg Police Department acted under color of state law because it was a political subdivision of the state when it terminated Plaintiff without a pre-termination hearing.

55. When the Defendants acted, it was within its express or implied authority to decide on the Plaintiff's termination. The City of Rosenberg and Rosenberg Police Department are each policy-makers for the purposes of § 1983 because it has the express or implied authority to make decisions about terminating or retaining employees and the procedures by which such decisions are made.

56. The Defendant's decisions to terminate Plaintiff violated Plaintiff's Fourteenth Amendment Due Process Rights by explicitly violating the City Charter. Prior to Plaintiff's termination, no member of Rosenberg's City Council approved, considered, or otherwise consented to Plaintiff's termination.

57. Because of the circumstances surrounding the Plaintiff's termination hearing, it is appropriate to consider the conduct of City of Rosenberg and Rosenberg Police Department,

as policymaker, in regard to the pre-termination hearing for the purposes of § 1983.

## COUNT 2
## 42 U.S.C. 1983
### DUE PROCESS VIOLATION SHOCKS THE CONSCIENCE

58. The foregoing paragraphs are incorporated herein as if quoted verbatim.

59. Plaintiff has constitutionally protected interests in his employment with Rosenberg PD.

60. Notice and an opportunity to be heard are essential requisites of procedural due process.

61. Plaintiff was deprived of procedural due process because he was not given notice or a meaningful opportunity to be heard before he was terminated.

62. Plaintiff's due process interest in his employment as a police officer are:

   a. Traditionally protected by American society;

   b. Deeply rooted in the traditions and conscience of the American people as to be ranked as fundamental

   c. A basic value that underlies American society

63. Defendants herein deprived Plaintiff of procedural due process before allowing him a meaningful opportunity to be heard prior to his termination.

64. Defendants' deprivation of Plaintiff's rights to procedural due process:

   a. Shocks the conscience;

   b. Interferes with the rights implicit in the concept of ordered liberty;

   c. Was Arbitrary

   d. Was Deliberate

   e. Was a result of a protracted failure or refusal to care about Plaintiff's due process rights;

      f. Was not in response to an exigency;

      g. Was not in response to an emergency; and

      h. Was an executive action

65. No reasonable person in Defendants' respective positions would have believed that depriving Plaintiff of his rights in this manner was reasonable.

66. Defendant Warren ratified the conduct of Defendant Eder or was deliberately indifferent to their deprivations of Plaintiffs' due process rights.

67. Plaintiff seeks punitive damages against Defendants because they:

      a. Knew (or must have known) Plaintiff was entitled to due process;

      b. Acted with conscious indifference to the fact that Plaintiff was deprived of his rights to due process;

      c. Acted with reckless or callous indifference to Plaintiff's protected rights;

      d. Recklessly trampled on Plaintiff's rights through plainly unlawful conduct; and/or

      e. Were grossly negligent with respect to Plaintiff's rights

## COUNT 3
## 42 U.S.C. 1983 - CONSPIRACY

68. The foregoing paragraphs are incorporated herein as if quoted verbatim.

69. The Rosenberg City Council, the Rosenberg Police Department, Defendant Eder, and Defendant Warren conspired to violate the civil rights of the Plaintiff.

70. Plaintiff pleads under § 1983 that a conspiracy occurred.

71. To plead a conspiracy Plaintiff must allege facts that establish:

    a. An existence of a conspiracy involving state action

    b.    Deprivation of civil rights in furtherance of conspiracy by party to conspiracy.

72.    City of Rosenberg conspired to violate the civil rights of Plaintiff in the City Council meetings in January of 2019 and February of 2019 when they "ratified" the termination decisions from the past two years.

73.    City Council knew that there was a "legal reason" for this ratification.

74.    City Council knew that they violated the Charter by not approving or disapproving these termination decisions from the past two years.

75.    This conspiracy has violated the civil rights of Plaintiff in that they have not given Plaintiff due process under the United States Constitution.

## COUNT 4
### TEXAS LAW—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.    The foregoing paragraphs are incorporated herein as if quoted verbatim.

77.    Plaintiff brings suit under the Texas doctrine of intentional infliction of emotional distress.

78.    The elements of such a claim are as follows:

    a.    Defendants acted reckless and intentionally

    b.    Defendants' conduct was extreme and outrageous

    c.    Defendants' actions caused plaintiffs emotional distress

    d.    Emotional distress that Plaintiff suffered was severe.

79.    After several years of experience in law enforcement, Plaintiff has lost his livelihood and suffered immensely because of the actions of Defendants.

80.    The Defendant's conduct did not abide by the clearly set language of the City of Rosenberg City Charter.

81.    The Defendants acted recklessly and intentionally in their firing of Plaintiff.

82. The Defendant's allegations against Plaintiff regarding his alleged "untruthfulness" were extreme and outrageous.

83. The Defendants have caused Plaintiff severe emotional distress by hindering his ability to gain similar employment in a similar position and city due to the false accusations of his "untruthfulness" present in his TCOLE (Texas Commission on Law Enforcement) personnel files.

84. This emotional distress is severe because Plaintiff intended to make law enforcement his life-long career and rise in the ranks however Plaintiff is now unable to do so.

## V.     COMMON LAW AND STATUTORY DAMAGES

85. Plaintiff's damages include all damages available under common and statutory law, including but not limited to, actual damages, lost earnings, exemplary damages, attorneys' fees, court costs, and interest. Plaintiff also seeks liquidated and unliquidated damages within the jurisdiction limits of this court.

86. Damages are limited as the law applies to the claims brought against the City of Rosenberg, meaning Plaintiff only seeks the damages afforded for each claim and those damages are limited to the City of Rosenberg.

## VI.     RELIEF REQUESTED

87. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 85 above as though fully set forth herein and further pleads that Defendant's acts and omissions warrant the award of damages, including exemplary damages, punitive damages, and injunctive relief.

88. Plaintiff requests award of all economic and non-economic actual and/or compensatory damages he has suffered as a result of the actions of Defendants including, back pay,

front pay, lost future earnings, emotional pain and suffering, and nominal damages.

89. Plaintiff requests award of punitive damages under 42 U.S.C. § 1983.

90. Plaintiff requests award of exemplary damages. The wrong done by Defendants and/or their agents, servants, directors, regents, and officers was aggravated by the kind of conduct for which the law allows the imposition of exemplary damages, in that Defendant's conduct, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the Court. As a direct proximate result of the acts or omissions described above, Plaintiff has been injured, sustained damages, and requests compensation in a sum far in excess of the minimum jurisdictional limits of this Court.

91. Plaintiff requests award of his reasonable and necessary attorneys' fees and litigation costs for this action.

92. Plaintiff requests award of pre-judgment interest, post-judgment interest, statutory interest, and costs of court.

93. Plaintiff requests injunctive relief and any other equitable relief to which Plaintiff may be entitled.

## VII. JURY DEMAND

94. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.    PRAYER FOR RELIEF

95. For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendants consistent with the relief requested herein, and for any and all relief Plaintiff is entitled.

Dated: April 19, 2019

Respectfully submitted,

*/s/ Alexander Houthuiizen*
**Alexander J. Houthuijzen**
State Bar No. 24101224
917 Franklin St. 400
Houston, Texas, 77002
Phone: (713)-600-9902
Facsimile: (713)-526-1798
alex@alexthedefender.com

*/s/ Pimal A. Patel*
**Pimal A. Patel**
PATEL PC
State Bar No. 24102335
pimal@patelpc.com
6300 Richmond Avenue, Suite 303
Houston, Texas 77057
Phone: (713) 893-3637
Facsimile: (713) 456-2521

*Attorneys for Plaintiff Austin Eaton*